AMY/JG
18-01472
03/05/2019

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION (COLUMBUS)**

| | | |
|---|---|---|
| In re: | ) | Case No 19-50681 |
| | ) | |
| Angelia C. Scott | ) | Chapter 13 |
| | ) | |
| Debtor(s). | ) | Judge John E. Hoffman, Jr. |
| | ) | |
| | ) | **OBJECTION TO THE CONFIRMATION** |
| | ) | **OF THE CHAPTER 13 PLAN (DOCKET** |
| | ) | **#8)** |
| | ) | |

**NOW COMES** TLOA of OH, LLC, a creditor in the within proceeding by and through counsel, and objects to the proposed Chapter 13 Plan (the "Plan") for the following reasons:

TLOA of OH, LLC has two (2) Tax Certificates in regards to the real property located at 1150 Fairwood Ave., Columbus, OH 43206, (PPN:010-039995-00).

1) The current principal balance for Tax Certificate No. 010-039995-00P1-0049-17 is $2,590.93 plus interest thereon at the certificate rate of 14.00% from November 9, 2017. There is accrued pre-petition interest in the amount of $93.23. There are also additional fees and costs associated with the foreclosure of the Tax Lien Certificate in the amount of $2,465.50.

2) The current principal balance for Tax Certificate No. 010-039995-00-S1-0049-18 is $1,243.07, plus interest thereon at the certificate rate of 18.00% from September 18, 2018. There is accrued pre-petition interest in the amount of $453.41.

3) The Chapter 13 Plan, filed on February 20, 2019, provides for Creditor TLOA of OH, LLC in Section 5.2.1 indicating that the Proof of Claims shall control the amount paid subject to the claims objection process. However, there is no specific provision regarding interest listed in this section. Additionally, Section 7 of the Chapter 13 Plan states that "Unless the secured creditor is treated in Section 5.1.1 secured claims shall receive an annual percentage rate of 6%." However, the plan should include interest for TLOA of OH, LLC, at the rate listed on the face of each Tax Certificate.

4) The Tax Certificates, which are the evidence of the taxes owed by Debtor specifically, includes interest at the rate of 14.00%, and 18.00%, respectively, which is the amount of interest TLOA of OH, LLC, claims it should receive. See Exhibits attached as ("A and B").

The "certificate rate of interest" is defined in O.R.C. Section 5721.30 (G) as the rate of simple interest per year not to exceed eighteen percent (sic) per year fixed by the county treasurer with respect to any tax certificate sold pursuant to a negotiated sale under section 5721.33 of the Revised Code (Emphasis added).

The Tax Certificates attached as Exhibits A &B clearly are signed and certified by the Franklin County Treasurer or its Designee.

"Tax certificate sale/purchase agreement" is defined as the purchase and sale described in division (C) of section 5721.33 of the Revised Code setting forth the certificate purchase price, plus any applicable premium or less any applicable discount, including without limitation, the amount thereof to be paid in cash and the amount and nature of any noncash consideration, the date of delivery of the tax certificates, and the other terms and conditions of the sale, including, without limitation, the rate of interest that the tax certificates shall bear. O.R.C. 5721.30 (N) (Emphasis added).

The face of the tax certificate, which is a form prescribed by the Department of Tax Equalization of the State of Ohio unequivocally states that upon redemption, the certificate holder shall receive a payment equal to the tax certificate purchase price with the interest provided in sections 5721.30(F), 5721.33, or 5721.38, as applicable, over the period of time prescribed in sections 5721.30(K) and 5721.38, plus the county treasurer's fee. Indeed, O.R.C. section 5721.30(F) defines "certificate redemption price" as the amount equal to the sum of the following:

(1) The Certificate Purchase Price;

(2) Interest accrued on the certificate purchase price at the certificate rate of interest from the date on which a tax certificate is delivered through and including the day immediately preceding the day on which the certificate redemption is paid;

(3)   The fee, if any, charged by the county treasurer to the purchase of the certificate under division (J) of section 5721.33 of the Revised Code;

(4)   Any other fees charged by any county office in connection with the recording of tax certificates.

Bankruptcy law also provided for the payment of interest on an allowed secured claim.  11 USC §506(b) provides that "To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose." (Emphasis added).  In the case at hand, the value of PPN: 010-039995-00("the property") is valued at $44,600.00 (See Exhibit Attached as "C").  Therefore, TLOA of OH, LLC has an oversecured claim for real estate taxes, and is entitled to interest at 14.00% and 18.00%, respectively.

Tax Lien Certificates, and their associated debt, including interest, fees, costs, etc., are against the property *in rem* and there is no *in personam* obligation.  Consequently, these items that are not paid in full throughout the life of the bankruptcy cannot be discharged.  Confirmation of the plan shall have no *res judicata* effect with respect to the amount of the claims under 11 U.S.C. §1327 or other applicable bankruptcy and/or non-bankruptcy law.

This Objection shall act as a standing a continuing objection to the currently proposed plan of Debtor and any subsequent plan or plans which the Debtor may file.

**WHEREFORE,** Creditor prays that it be paid in full and it receive 14.00% and 18.00%, respectively on its the principal portion of its claims or in the alternative this Honorable Court deny the Confirmation of the Plan.

Respectfully submitted,

/s/ Austin B. Barnes, III
David T. Brady (0073127)
Austin B. Barnes III (0052130)
Sandhu Law Group, LLC
1213 Prospect Avenue, Suite 300
Cleveland, OH 44115
216-373-1001
216-373-1002
abarnes@sandhu-law.com
***Attorney for TLOA of OH, LLC***

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 8th day of March, 2019, a true and correct copy of the foregoing Objection to the Confirmation of the Chapter 13 Plan filed by TLOA of OH, LLC was served via the Court's electronic case filing system on the following who are listed on the Court's Electronic Mail Notice List:

Brooke Elnora Elliott
bkcolumbus@amourgis.com
*Attorney for Debtor*


Faye D. English
notices@ch13columbus.com
*Trustee*

Asst US Trustee (Columbus)
ustpregion09.cb.ecf@usdoj.gov
*US Trustee*

and by regular U.S. mail, postage prepaid, to:

Angelia C. Scott
1150 Fairwood Ave.
Columbus, OH 43206


                                                   /s/ Austin B. Barnes, III
                                                   David T. Brady (0073127)
                                                   Austin B. Barnes III (0052130)